UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

MARK A. PIROG,

                              Plaintiff,

        v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.

———————————————————————

Case No. 15-CV-438 (KMK) (PED)

ORDER ADOPTING R&R

KENNETH M. KARAS, District Judge:

        Mark A. Pirog ("Plaintiff") brings this action against the Acting Commissioner of Social

Security ("Defendant" or the "Commissioner"), pursuant to 42 U.S.C. § 405(g), challenging the

decision of an administrative law judge (the "ALJ") to deny Plaintiff's application for disability

insurance benefits on the ground that Plaintiff was not disabled within the meaning of the Social

Security Act, 42 U.S.C. § 423, et seq.  Plaintiff and Defendant cross-moved for judgment on the

pleadings.  (Dkt. Nos. 12, 14.)  The Court referred the case to Magistrate Judge Paul E. Davison

("Judge Davison") pursuant to 28 U.S.C. § 636(b)(1)(A).  (See Dkt. No. 4.)  Judge Davison

issued a thorough Report and Recommendation (the "R&R") recommending that the Court deny

Plaintiff's Motion for Judgment on the Pleadings and grant Defendant's Cross-Motion for

Judgment on the Pleadings.  (Dkt. No. 20.)  Plaintiff filed objections to the R&R on March 22,

2016, (Dkt. No. 21), which were refiled on March 24 under a corrected title, (Dkt. No. 22).  For

the reasons discussed below, the Court adopts the R&R in its entirety.

## I. Discussion

### A. Standard of Review

#### 1. Review of a Report and Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Pursuant to § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

When a party submits timely objections to a report and recommendation, the district court reviews de novo the portions of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, so long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)). "[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (internal quotation marks omitted); *see also Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517 (S.D.N.Y. 2013) (refusing to consider objections filed one day late). Moreover, objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in

the original petition will not suffice to invoke de novo review of the magistrate's

recommendations." *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept.

30, 2002) (italics omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)

(same).

### 2. Review of a Social Security Claim

In reviewing a Social Security claim, the reviewing court does not determine for itself

whether the plaintiff was disabled and therefore entitled to Social Security benefits. *See Schaal*

*v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("[I]t is not our function to determine de novo whether

[the] plaintiff is disabled." (italics, alteration, and internal quotation marks omitted)). Instead,

the reviewing court considers merely "whether the correct legal standards were applied and

whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d

Cir. 2004), *amended on reh'g in part by* 416 F.3d 101 (2d Cir. 2005). Accordingly, a court may

overturn an ALJ's determination only if it was "based upon legal error" or "not supported by

substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotation

marks omitted). "'Substantial evidence' is 'more than a mere scintilla'[;] . . . [i]t means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (quoting *Richardson v. Perales*,

402 U.S. 389, 401 (1971)). In considering whether substantial evidence supports the ALJ's

decision, the reviewing court must "examine the entire record, including contradictory evidence

and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d

145, 151 (2d Cir. 2012) (internal quotation marks omitted).

In determining whether a claimant is entitled to disability insurance benefits, the ALJ

follows a five-step analysis:

3

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not 'listed' in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1179–80 (2d Cir. 1998)); *see also* 20 C.F.R. § 404.1520(a)(4)(i)–(v). The claimant bears the burden of proof for the first four steps. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). If, however, the claimant proves that his impairment prevents him from performing his past work, the burden shifts to the Commissioner at the fifth step. *See id.* There, the Commissioner must prove "that there is other gainful work in the national economy that [the claimant] could perform." *Kamerling v. Massanari*, 295 F.3d 206, 210 (2d Cir. 2002). If the ALJ determines that "significant numbers of jobs exist in the national economy that the claimant can perform," *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014), the ALJ must deny disability insurance benefits to the claimant, *see* 20 C.F.R. § 404.1520(a)(4)(v).

4

B. Analysis

The Court adopts the recitation of facts set forth by Judge Davison in the R&R, (R&R 1–27), and assumes the Parties' familiarity with it. The Court will repeat only those facts relevant to the consideration of Plaintiff's objections.

### 1. Timeliness and Sufficiency of Objections

Defendant argues that because Plaintiff's objections were not timely filed and because they are merely a rehash of arguments already made to the Judge Davison, the Court need not consider them. The Court disagrees

The R&R was electronically filed on March 7, 2016. (*See* Dkt. No. 20.) Parties have 14 days in which to object to a report and recommendation regarding a dispositive motion, Fed. R. Civ. P. 72(b)(2), making Plaintiff's objections due on March 21, 2016. However, Federal Rule of Civil Procedure 6(d) provides that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period that would otherwise expire." Federal Rule of Civil Procedure 5(b)(2)(E) relates to service by electronic means. The R&R was served on all parties electronically, and thus 3 additional days were added to the time the objections would have otherwise been due, making the operative due date March 24, 2016. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("The [14]-day period, as specified in the statute, is subject to Rule 6(e), which provides for an additional 3-day period [in some circumstances].")  Additionally, the docket entry for the R&R correctly indicated that objections to the R&R were due by March 24, 2016. (*See* Dkt. No. 20.) Plaintiff's objections, initially filed on March 22 and refiled on March 24, (*see* Dkt. Nos. 21, 22), were therefore timely and are thus properly before the Court.

5

Defendant also argues that Plaintiff's objections are improper because they are merely a reiteration of arguments already made to the magistrate judge. *See Ortiz*, 558 F. Supp. 2d at 451; *Vega*, 2002 WL 31174466, at *2. Although Plaintiff's objections largely restate his arguments before the magistrate judge, the Court finds that the objections are at least sufficiently detailed to allow meaningful review of the R&R without needlessly duplicating the efforts of the magistrate judge, *cf. Vega*, 2002 WL 31174466, at *2 (refusing to consider objections because the claimant had "simply rearranged many portions of his original brief" and "in fact, [the claimant] cite[d] back to his original brief in support of his renewed objections"), and in any event, the outcome of the case is not affected by the Court's decision to address Plaintiff's objections, *see Martinson v. U.S. Parole Comm'n*, No. 02-CV-4913, 2005 WL 1309054, at *4 (S.D.N.Y. June 1, 2005) (finding that objections were not timely, but considering them anyway and adding that "the Court also finds that the result would be the same if the Court were to review the [r]eport and [r]ecommendation de novo" (italics omitted)).

### 2.  Treating Physician Rule

Plaintiff first objects that the ALJ and the magistrate judge committed error in failing to give appropriate deference to the opinion of Plaintiff's treating physician, Dr. Ranga Krishna. (*See* Pl.'s Obj. to the R. & R. ("Obj.") 1–5 (Dkt. No. 22).)

When determining eligibility for disability insurance benefits, the Social Security Administration "give[s] more weight to opinions from . . . treating sources, since these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(c)(2). Consequently, the ALJ reviewing a claim for disability insurance benefits must likewise give "deference to the medical opinion of a claimant's treating physician." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir.

6

2004). However, "the opinion of the treating physician is not afforded controlling weight where
. . . the treating physician issued opinions that are not consistent with other substantial evidence
in the record, such as the opinions of other medical experts." *Id.* Accordingly, "[a] treating
physician's statement that the claimant is disabled cannot itself be determinative." *Snell v. Apfel*,
177 F.3d 128, 133 (2d Cir. 1999).

If the ALJ declines to give controlling weight to a treating physician's opinion, the ALJ
must consider a number of factors in determining how much weight the opinion is due: (i) the
frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the
evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv)
whether the opinion was from a specialist; and (v) any other factors that "tend to support or
contradict the opinion." 20 C.F.R. § 404.1527(c)(2). The ALJ need not always recite each
factor. *See Halloran*, 362 F.3d at 32 (noting that "it [was] unclear on the face of the ALJ's
opinion whether the ALJ considered (or even was aware of) the applicability of the treating
physician rule," but nevertheless concluding that "the substance of the treating physician rule
was not traversed"); *see also Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) ("We require
no such slavish recitation of each and every factor where the ALJ's reasoning and adherence to
the regulation are clear.").

The ALJ offered several reasons for discounting Dr. Krishna's opinion. First, Dr.
Krishna's records "g[a]ve no indication of the significant degree of weakness and lack of
functioning ability to the claimant's hands he reports." (Administrative Record ("A.R.") 27
(Dkt. No. 9).) Second, Dr. Krishna's opinions about Plaintiff's ability to perform sedentary work
"appear[ed] to be based upon the claimant's subjective complaints, rather than objective clinical
findings observed upon physical examination, and they [we]re not supported by his own

7

examination findings, or the substantial evidence." (*Id.*) Third, "substantial evidence such as the multiple [Independent Medical Exams], the consultative examination, [and] the review by [Social Security Administration] expert Dr. Putcha fail[ed] to support the various opinions of Dr. Krishna." (*Id.*) When the record contains "conflicting . . . evaluations of [a claimant's] present condition, it [is] within the province of the ALJ to resolve that evidence." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). As Judge Davison recognized, (R&R 33–35), that is the case here.

Plaintiff contends that the ALJ erred in giving undue weight to the opinions of non-treating physicians while discounting the opinion of Dr. Krishna. But the treating physician rule requires the ALJ and the reviewing court not to merely adopt the treating physician's opinion as determinative, *see Snell*, 177 F.3d at 133, but rather to consider the opinion of the treating physician in the context of the "other substantial evidence in the record, such as the opinions of medical experts," *Halloran*, 362 F.3d at 32. The ALJ considered the opinions of several physicians whose examinations of Plaintiff contradicted the findings of Dr. Krishna:

- Dr. Elena Kaznatcheeva conducted an MRI and two physical examinations. The MRI results were "unremarkable," and Dr. Kaznatcheeva opined that "[f]rom [a] neurological point of view, the patient can return to full duty." (A.R. 19, 595–602.)

- Dr. David E. Wellin noted pain and some restricted motion of the spine, but found that Plaintiff had normal muscle strength. (*Id.* at 22–23, 691–94.) Dr. Wellin noted in a second examination that Plaintiff could not return to his job as a corrections officer, but did not rule out other work. (*Id.* at 22–23, 829–33.)

8

- Dr. David T. Tucker noted some mild tenderness and restrictions in walking and standing, but no restriction on range of motion and no evidence of limping with ambulation. (*Id.* at 22, 612–15.)

- Chiropractor Robert Pearl found that Plaintiff had a moderate to marked level of disability, but that Plaintiff could lift up to 15 pounds, although he added that Plaintiff should refrain from repetitive bending. (*Id.* at 23, 1375–77.)

- Dr. Howard Levin noted normal range of motion, mild carpal tunnel syndrome, and a normal gait and station. (*Id.* at 23, 1369–73.)

- Dr. Steven Rocker concluded that Plaintiff was mildly to moderately limited in performing work-related activities and that Plaintiff had no restrictions for sitting. (*Id.* at 24, 463–66.)

- Dr. S. Putcha concluded that Plaintiff's complaints were largely subjective and that Plaintiff could perform exertionally light work. (*Id.* at 24, 474–76.)

This "substantial evidence" from other physicians undermined the opinion of Dr. Krishna and, in the ALJ's view, counselled against affording Dr. Krishna's opinion controlling weight.

The ALJ also noted Plaintiff's own testimony that he drives over 200 miles to see his physician, (*id.* at 25, 79–80), that he has traveled by plane three times since the alleged onset of his disability, (*id.* at 25, 88–90), and that he has gone hunting and fishing six or eight times since the alleged onset of his disability, (*id.* at 25, 107). While an ALJ's impressions of a plaintiff's testimony may not themselves be sufficient to outweigh a treating physician's opinion, *see, e.g.*, *Doyle v. Apfel*, 105 F. Supp. 2d 115, 120 (E.D.N.Y. 2000) ("It is improper . . . for the ALJ to substitute his judgment for that of the treating physician as to the significance of a claimant's ability to perform [various] activities."); *cf. Stevens v. Barnhart*, 473 F. Supp. 2d 357, 364

9

(N.D.N.Y. 2007) ("[I]t cannot be said that the ALJ disregarded all medical evidence from [the] [p]laintiff's treating physicians and instead relied on her impression of the [p]laintiff's testimony."), the substance of a plaintiff's testimony is nonetheless part of the body of evidence that an ALJ may consider, along with other evidence, when evaluating the credibility of a treating physician's opinion, *see Diaz v. Shalala*, 59 F.3d 307, 315 (2d Cir. 1995) (considering, among other things, the "plaintiff's own testimony" in determining that the treating physician's opinion was not controlling); *Nelson v. Sec'y of Health & Human Servs.*, 676 F. Supp. 44, 47 (W.D.N.Y. 1987) (same).

Beyond articulating a general complaint about the minimal weight afforded to Dr. Krishna's opinion, Plaintiff fails to rebut the specific evidence relied upon by the ALJ in determining the amount of weight due to Dr. Krishna's opinion. And as Judge Davison properly found, there was substantial objective evidence in the record undermining Dr. Krishna's opinion. (R&R 34–35.) The ALJ committed no error in choosing to assign little weight to Dr. Krishna's opinion.

### 3. Substantial Evidence

Part and parcel to Plaintiff's complaint about the lack of controlling weight given to Dr. Krishna's opinion is his argument that the ALJ's decision was not supported by substantial evidence. (*See* Obj. 5–6.) To the extent Plaintiff's arguments here are premised on his disagreement with the weight afforded to Dr. Krishna's opinion, that issue is addressed above. However, Plaintiff also protests more generally that the record did not support the ALJ's finding that he was capable of sedentary work. (Obj. 6.)[1]

---

[1] Sedentary work involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a).

The ALJ gave significant weight to the opinion of Dr. Kaznatcheeva, (A.R. 19), who considered Plaintiff fit to return to full duty work, (A.R. 595–602). The ALJ also noted the opinion of state agency medical consultant Dr. Putcha, (A.R. 24), who determined that Plaintiff was fit for work, though perhaps no longer fit for the corrections officer position he previously held, (A.R. 474–76). The objective medical evidence documented by several other examining physicians, *see supra*, supported these findings, and tended to undercut Plaintiff's testimony, which the ALJ found to be "not wholly credible," (A.R. 25). As Judge Davison noted, the ALJ was influenced by Plaintiff's testimony about his visits by plane to family members, his occasional hunting and fishing, and his long car rides to see Dr. Krishna. (A.R. 25–26.)

Plaintiff argues that the ALJ and Judge Davison improperly relied on the observed burn marks on Plaintiff's hands during the hearing to conclude that Plaintiff had been working on his furnace at home, indicating some dexterity in his hands. (Obj. 5.) Defendant is correct that this argument, not raised in Plaintiff's initial brief, (*compare* Pl.'s Mem. of Law in Supp. of Mot. for J. on the Pleadings (Dkt. No. 15), *with* Obj. 5), is improperly introduced for the first time in Plaintiff's objections to the R&R, *see Chisolm v. Headley*, 58 F. Supp. 2d 281, 284 n.2 (S.D.N.Y. 1999) ("A [plaintiff] is not permitted to raise an objection to a magistrate judge's report that was not raised in the original [motion]."); *Abu-Nassar v. Elders Futures, Inc.*, No. 88-CV-7906, 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994) ("These arguments were not raised before [the magistrate judge], and are not submitted as objections but as new arguments. Accordingly, [the] plaintiffs' arguments and evidence are untimely."). However, even were the objection properly preserved, there is no merit to it. Plaintiff had disputed Dr. Levin's notes indicating that when Plaintiff met with Dr. Levin for an examination, he told Dr. Levin that he had burned his hands while working on his furnace. (A.R. 118–20.) The ALJ noted burn marks

11

on Plaintiff's hand during the hearing and cited this evidence in support of Dr. Levin's account. (*Id.* at 25.) Plaintiff contends that "this [was] a very narrow observation." Obj. 5. Plaintiff is correct that the observation was a "narrow" one, but neither the ALJ nor Judge Davison devoted more than a sentence or two to this fact, and there is nothing in the record suggesting that the ALJ considered this observation significant or even germane to the dispute. (*See* A.R. 25; R&R 38.) In fact, the ALJ mentioned that he afforded "[m]inimal weight" to Dr. Levin's opinion because of the timing of the examination. (A.R. 25.) Plaintiff fails to articulate how the ALJ's observation on this point impacts or undermines the substantial evidence supporting the ALJ's ultimate conclusions.

Plaintiff also belatedly objects to the ALJ's suggestion that Plaintiff's receipt of disability retirement pension and workers' compensation payments "raise[d] the question as to whether [Plaintiff's] continuing unemployment is actually due to his medical impairments rather than his receipt of benefits without having to engage in work." (*Id.* at 26.) Plaintiff argues that this statement ignores the fact that Plaintiff would still retain those benefits even if he were employed. (Obj. 5.) Plaintiff's argument misses the mark. The suggestion by the ALJ was that Plaintiff's unemployment may have been motivated not by any disability, but by the fact that his existing disability benefits obviated the need for employment. It is the province of the ALJ to assess credibility, *see Evans v. Comm'r of Soc. Sec.*, 110 F. Supp. 3d 518, 538 (S.D.N.Y. 2015) ("It is the function of the Commissioner, not the reviewing court, to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant" (alterations omitted)), and the Court has no occasion here to second-guess the ALJ's determination that Plaintiff's receipt of disability benefits may have undermined the reliability of some of his testimony, *see Selian v.*

12

*Astrue*, 708 F.3d 409, 420 (2d Cir. 2013) ("[A]n ALJ's credibility determination is generally entitled to deference on appeal.").

Because Plaintiff has offered no other specific objections, the Court, having carefully reviewed the thorough R&R, concludes that Judge Davison committed no error, clear or otherwise.

## II. Conclusion

For the foregoing reasons, the Court adopts Judge Davison's R&R in its entirety, denies Plaintiff's Motion for Judgment on the Pleadings, and grant Defendant's Cross-Motion for Judgment on the Pleadings. The Clerk of the Court is respectfully directed to terminate the pending motions, (Dkt. Nos. 12, 14), enter judgment for Defendant, and close this case.

SO ORDERED.

DATED:  September 28, 2016
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

13